| iMURRAY, Judge,
dissenting.
I respectfully dissent from the majority’s reversal of the judgment below. The trial court carefully weighed the evidence presented on the timeliness issue before deciding to give legal recognition to the uncontested biological fact that Intervenor is this child’s father. Furthermore, the court below expressly declined to go any further than that, and reserved ruling on all issues other than paternity until a mental health expert could examine the parties and make recommendations as to the child’s best interests, not only regarding custody and visitation, but also “concerning the potential effects on the minor of being advised of his parentage at this time.” Therefore, the majority’s finding of prejudice resulting from the delay in legal action, i.e., potential harm to the child, is ill-founded and unsupported by the record. In the face of the trial court’s carefully limited judgment, it is particularly anomalous to hold that after the passage of six years it is “too late” to adjudge Intervenor the child’s father, when Civil Code Article 209 would permit an action for filiation at any time up to the child’s nineteenth birthday if filed by the child, the mother or even the legal father.
In this case, it appears that Intervenor had a continuing relationship with the child’s mother until November 1993, and was not denied access to the child until early 1994. Less than a year later, and after his attempts at informal resolution had failed, In-tervenor filed this action. Considering this evidence, the extended period for filiation under Article 209, and especially the trial court’s carefully |2Iimited ruling, I must respectfully dissent from the majority’s reversal of the judgment at issue.